IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMIE BOZEMAN, AIS#163240 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05-CV-610-F |
| ) | (consolidated with 2:05-CV-642-F and |
| B.A. JONES, FEDRICK C. McCAIN, ) | 2:05-CV-646-F) |
| and JO A. DINKINS ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT

COME NOW the Defendants, **Barbara A. Jones, Fedrick C. McCain, and Jo A. Dinkins**, by and through undersigned counsel, and in accordance with this Honorable Court's July 18, 2005 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Jimmie Bozeman is an inmate of the Alabama Prison System.

2. Defendant Barbara A. Jones is a Steward I with the Alabama Department of Corrections, Bullock County Correctional Facility.

3. Defendant Fedrick C. McCain is a Steward III with the Alabama Department of Corrections, Bullock County Correctional Facility.

4. Defendant Jo A. Dinkins is a Steward I with the Alabama Department of Corrections, Bullock County Correctional Facility.

## EXHIBITS

EXHIBIT 1 – Affidavit of Barbara A. Jones

EXHIBIT 2 – Affidavit of Fedrick C. McCain

EXHIBIT 3 – Affidavit of Jo A. Dinkins

## PLAINTIFF'S CLAIMS

Plaintiff attempts to bring a 1983 claim for "half cooked" and inadequate amounts of food served at the Bullock County Correctional Facility as well as being provided inadequate time to eat. Plaintiff requests that the court "send a letter to the Department of Corrections or have someone investigate the situation or have them to shut down!!!!!!!!!!!!!!!!" ¶V. Relief, Plaintiff's complaint in 2:05-CV-642-F (emphasis in the original). Plaintiff also wants to "put it on T.V." ¶V. Relief, Plaintiff's complaint in 2:05-CV-646-F

## DEFENDANTS' RESPONSE

1. The Defendants deny that they violated the Plaintiff's constitutional rights.
2. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.
3. The Plaintiff has failed to state a claim upon which relief may be granted.
4. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.
5. The Defendants are immune from suit due to qualified immunity.

6.  Defendants are immune from suit under Article I, § 14 of the <u>Alabama Constitution</u> (1901).

7.  Defendants are immune from suit due to discretionary function immunity

## STATEMENT OF FACTS

All meals at the Bullock County Correctional Facility are properly prepared and served in adequate amounts. (Exhibits 1, 2, and 3). All meals are prepared and served according to the Alabama Department of Corrections registered dietician's menus. (Exhibit 1) None of the defendants have any control over the time inmates are allowed to stay in the chow hall. (Exhibits 1, 2, and 3). The time allowed for inmates to eat, however, is reasonable. (Exhibits 1, 2, and 3).

## ARGUMENT

This case should also be dismissed because the Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital*

*v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979). The Defendants have not violated Plaintiff's clearly established rights; thus, they are entitled to qualified immunity.

To properly allege the constitutional violations plaintiff attempts to assert in this case, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

4

serious . . . needs." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Estelle v. Gamble,* 429 U.S. 97, 106 S.Ct. 285 (1976). "Deliberate indifference" requires that the official know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The official "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (emphasis added). Deliberate indifference contemplates a state of mind more blameworthy than negligence. *Id.* at 835, 114 S.Ct. at 1978.

The Eighth Amendment "does not authorize judicial reconsideration of every governmental action affecting the interests or well-being of a prisoner." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Miller v. King,* 384 F.3d 1248, 1260 (11th Cir.2004) (internal quotations omitted) (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Farrow v. West,* 320 F.3d 1235 (11th Cir.2003). To demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Miller,* 384 F.3d at 1261. Under the objective inquiry, he must prove that he was denied the "minimal civilized measure of life's necessities." *Id.* (quoting *Chandler v. Crosby,* 379 F.3d 1278, 1289-90 (11th Cir.2004)). The condition challenged condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler,* 379 F.3d at 1289-90. Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference" in disregarding that risk. *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case can satisfy neither the objective inquiry nor the subjective inquiry.

5

The allegations made by plaintiff in the case at bar simply do not rise to the level required by law to maintain an action. There is nothing to suggest that any defendant is *both* aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, or that he drew that inference. In fact, there is no evidence at all concerning the defendants' knowledge. Plaintiff cannot establish that any defendant has been deliberately indifferent to Plaintiff's needs. Plaintiff simply cannot meet his burden for bringing this type of action.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING (KIN047)
Attorney General


Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 29th day of August, 2005, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Jimmie Bozeman
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36023

*/s/ Benjamin H. Albritton*
Benjamin H. Albritton
Assistant Attorney General