IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JIMMIE BOZEMAN, #163 240 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO.2:05-CV-610-F |
| | (WO) |
| MRS. B.A. JONES | * |
| Defendant. | * |

_____

\*   \*   \*   \*   \*

_____

| | |
|---|---|
| JIMMIE BOZEMAN, #163 240 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-642-F |
| | (WO) |
| B.A. JONES | * |
| Defendant. | * |

_____

\*   \*   \*   \*   \*

_____

| | |
|---|---|
| JIMMIE BOZEMAN, #163 240 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO.2:05-CV-646-F |
| | (WO) |
| B.A. JONES, *et al.*, | * |

Defendants.                                    *
_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed these complaints on June 28, 2005, July 12, 2005, and July 13, 2005. After consolidating the cases, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. In compliance with the court's order, Defendants submitted an answer and written report on August 29, 2005 which contained relevant evidentiary materials refuting the allegations presented in the instant complaint.

The court then issued an order directing Plaintiff to file a response to Defendants' answer and written report. (Doc. No. 13.) Plaintiff was advised that his failure to respond to Defendants' answer and written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. (emphasis in original). Additionally, Plaintiff was "**specifically cautioned that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this case. *Id*.

The time allotted Plaintiff for the filing of a response expired on September 20, 2005. As of the present date, Plaintiff has filed nothing in opposition to Defendants' answer and written report as required by order filed August 31, 2005. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether less drastic sanctions

than dismissal are appropriate. After such review, it is clear that dismissal of this case is the proper sanction. Plaintiff is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Plaintiff has exhibited a lack of respect for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is, therefore, apparent that any additional effort by this court to secure Plaintiff's compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims, his failure to comply with the orders of this court, and his failure to properly prosecute this cause of action warrant dismissal of this case.

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **14 October 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of September 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE